**PUBLISHED**          Filed: 6/3/05

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 03-4017**

───────────────

UNITED STATES OF AMERICA,

                              Plaintiff - Appellant,

          versus

ANDRE E. RIGGS,

                              Defendant - Appellee.

───────────────

**ORDER**

───────────────

This court previously reversed the district court's grant of a downward departure to Andre Riggs based on his diminished mental capacity under § 5K2.13 of the United States Sentencing Guidelines. United States v. Riggs, 370 F.3d 382 (4th Cir. 2004). We held that Riggs was ineligible for the downward departure because the facts and circumstances of his offense indicated a need to protect the public and involved a serious threat of violence under § 5K2.13(2). Id. at 386-87. We vacated his sentence and remanded the case for resentencing. Id. at 387. Judge Duncan dissented. Id. at 387-92. The Supreme Court subsequently granted certiorari, vacated our

decision, and remanded for reconsideration in light of United States v. Booker, 125 S. Ct. 738 (2005). See Riggs v. United States, 125 S. Ct. 1015 (2005). Upon further consideration, we conclude that Booker does not alter our analysis of the downward departure issue. Accordingly, we reinstate our prior opinion reversing the district court's grant of a downward departure and remanding the case for resentencing.

Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure, as required by 18 U.S.C. § 3553(c)(2). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 547.

Entered at the direction of Judge Shedd, with the concurrence of Judge Niemeyer and Judge Duncan.

2